## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| OLDAPCO, INC., *et al.*, | Case No.: 17-12082 (MFW) |
| Debtors. | (Jointly Administered) |
| ALAN D. HALPERIN AND EUGENE I. DAVIS, AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST, | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 18-50955-MFW |
| MARK R. RICHARDS et al | |
| Defendants. | |

## REPLY BRIEF IN SUPPORT OF ARGENT TRUST COMPANY'S MOTION TO DISMISS

Carl N. Kunz, III, Esq. (DE Bar No. 3201)
**MORRIS JAMES LLP**
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Facsimile:  (302) 571-175
E-mail:  ckunz@morrisjames.com

Michael L. Scheier (Ohio 0055512)
Brian P. Muething (Ohio 0076315)
Jacob Rhode (Ohio 0089636)
**KEATING MUETHING & KLEKAMP, PLL**
One East Fourth Street, Suite No. 1400
Cincinnati, Ohio 45202
Email:  mscheier@kmklaw.com
bmuething@kmklaw.com
        jrhode@kmklaw.com
Tel:  (513) 579-6400
Fax:  (513) 579-6457

*Counsel for Argent Trust Company*

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................1

II.   ARGUMENT ......................................................................................................2

     A.   Plaintiffs' Aiding and Abetting Claim (Count V) Must Be Dismissed ...................2

        1.   The Aiding and Abetting Claim is Preempted by ERISA Section 514(a)...2

        2.   The Aiding and Abetting Claim Should Alternatively be Dismissed Because it was Not Preserved in the Bankruptcy Plan. ..............................6

        3.   In all Events, Plaintiffs Failed to Adequately Plead an Aiding and Abetting Claim against Argent. ....................................................................7

     B.   The Avoidance Claims (Count XII and XIII) Should also be Dismissed...............9

        1.   Argent's Motion to Dismiss the Preference Claim (Count XII) is Unopposed. ............................................................................................9

        2.   The Fraudulent Transfer Claim (Count XIII) Should also be Dismissed..10

III.   CONCLUSION..................................................................................................12

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

*Ankele v. Hambrick*,
   286 F. Supp. 2d 485 (E.D. Pa. 2003) ................................................. 10

*Antioch Co. Litig. Trust v. Morgan*,
   456 B.R. 791 (Bankr. S.D. Ohio 2011) ............................................. 4-5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................... 11

*AT&T v. Empire Blue Cross & Blue Shield, No. 93-cv-1224*,
   1994 U.S. Dist. LEXIS 21091 (D.N.J. July 19, 1994) ......................... 5

*Burtch v. Seaport Capital, LLC (In re Direct Response Media, Inc.)*,
   466 B.R. 626 (Bankr. D. Del. 2012) ................................................... 11

*Cumming v. Edens.*,
   2018 Del. Ch. LEXIS 54 (Del. Ch. Feb. 20, 2018) ............................... 9

*Estate of Millner v. Bayada Nurses, Inc.*,
   No. 05-cv-3164, 2006 U.S. Dist. LEXIS 3709 (D.N.J. Jan. 30, 2006) ............................. 9-10

*Gellert v. Coltec Indus. (In re Crucible Materials Corp.)*,
   Nos. 09-11582, 2012 Bankr. LEXIS 5102 (Bankr. D. Del., Oct. 31, 2012) ................... 10-11

*Hollister v. U.S. Postal Serv.*,
   142 F. App'x 576 (3d. Cir. 2005) ......................................................... 9

*Ingersoll-Rand Co. v. McClendon*,
   498 U.S. 133 (1990) ...................................................................... 2, 5

*In re Santa Fe Pacific Corp. Shareholder Lit.*,
   669 A.2d 59 (Del. 1995) ....................................................................... 8

*Kollman v. Hewitt Associates, LLC*,
   487 F.3d 139 (3d. Cir. 2007) ................................................................. 3

*McFall v. Stacy & Witbeck, Inc.*,
   No. 14-cv-04150, 2016 U.S. Dist. LEXIS 148399 (N.D. Cal., Oct. 26, 2016) ................. 8

*McLemore v. Regions Bank*,
   Nos. 08-cv-0021, 08-cv-1003, 2010 U.S. Dist. LEXIS 25785 (M.D. Tenn. Mar. 18, 2010) ... 5

*Menkes v. Prudential Ins. Co. of Am.*,
   762 F.3d 285 (3d Cir. 2014) .......................................................... 2, 3, 5

*Metro. Life Ins. Co. v. Depalo*,
    No. 13-3092, 2014 U.S. Dist. LEXIS 132502 (D.N.J. Sep. 22, 2014) ..................................... 7

*Nat'l Sec. Sys. v. Iola*,
    700 F.3d 65 (3d Cir. 2012) ............................................................................................ 2, 3, 5

*O'Neal v. Middletown Twp., No. 3:18-cv-5269*,
    2019 U.S. Dist. LEXIS 59 (D.N.J. Jan. 2, 2019) ...................................................................... 9

*Pardo v. Gonzaba, (In re APF Co.)*,
    308 B.R. 183 (Bankr. D. Del. 2004) .................................................................................... 11

*Person v. Teamsters Local Union 863*,
    No. 12-2293, 2013 U.S. Dist. LEXIS 149252 (D.N.J. Oct. 17, 2013) ..................................... 9

### Statutes

29 U.S.C. § 1144(a) (ERISA Section 514) ..................................................................................... 2

I.    **INTRODUCTION**

The Court should dismiss all three claims against Argent Trust Company in the First Amended Complaint ("FAC"). Plaintiffs' Opposition Brief (D.I. 77) does nothing to change this conclusion.

Argent argued that the sole substantive state law claim against it, aiding and abetting members of the Appvion Board's alleged breach of fiduciary duties, was preempted by the explicit statutory preemption provision in ERISA section 514(a). After devoting approximately eighteen pages discussing preemption generally and the arguments of the other defendants for dismissal under ERISA section 502—a section irrelevant to Argent's Motion—Plaintiffs spent less than two pages trying to refute Argent's specific argument that Plaintiffs' claim is preempted by the broad statutory preemption of ERISA section 514(a). But, as Plaintiffs themselves concede in their Opposition Brief, the aiding and abetting claim is related to and arises out of the ESOP and challenges actions central to the administration of the ESOP. That being the case, their claim is preempted by ERISA section 514(a), which broadly preempts all causes of action that relate to an employee benefit plan like the Appvion ESOP.

As to Argent's alternative argument that Plaintiffs have failed to plead a plausible aiding and abetting claim, the Opposition Brief fails to identify a single allegation that Argent had incentive or reason to knowingly participate in the Appvion Board's allegedly tortious conduct. Nor have Plaintiffs identified any allegations from which the Court may reasonably infer such incentive or reason. In fact, it is unreasonable to infer from the FAC's allegations that a government regulated, independent, institutional ESOP trustee like Argent, with no alleged incentive or reason to do so, would willfully assist others in allegedly looting an ESOP company.

With regard to the fraudulent transfer claim, the FAC fails to state a claim because Plaintiffs do not challenge that the payment of trustee fees to Argent satisfied an antecedent debt of Appvion, thus establishing as a matter of law that the payments were for reasonably equivalent value.

Lastly, the preference claim is particularly easy to dismiss: Plaintiffs failed to respond at all, reason enough to dismiss the claim under prevailing Third Circuit waiver law.

Based on the foregoing, and as more fully laid out below and in Argent's Opening Brief, the Court should dismiss the three claims against Argent with prejudice.

## II.    ARGUMENT

### A.    Plaintiffs' Aiding and Abetting Claim (Count V) Must Be Dismissed

#### 1.    The Aiding and Abetting Claim is Preempted by ERISA Section 514(a).

Argent moved to dismiss Plaintiffs' aiding and abetting claim under ERISA section 514(a), which broadly preempts all state laws and causes of action that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). (Argent Br., D.I. 68 at 5-11.) As explained in Argent's Opening Brief, the Supreme Court and Third Circuit have repeatedly emphasized this "relate to" language is "conspicuous for its breadth" and uses "deliberately expansive language" to preempt all state law claims that have "a connection with or reference to" an employee benefit plan. (*Id.*) *See also, e.g.*, *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-140 (1990); *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 83-84 (3d Cir. 2012); *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 293-296 (3d Cir. 2014). There is no question state law claims have an impermissible "connection with" an employee benefit plan, and are therefore preempted under section 514(a), when they are "premised on the existence of" the plan and relate to "administration of" that plan. *Ingersoll-Rand Co.*, 498 U.S. at 138-140 (finding preemption under section 514(a) of a state law claim that, as here, makes "specific reference to, and indeed is premised on, the existence of a pension plan" ); *Iola*, 700 F.3d

2

at 83-84 (affirming preemption under section 514(a) of state law claims "premised on the existence

of the plans" and challenging conduct related to "administering the plans"); *Menkes*, 762 F.3d at

293-296 (affirming preemption under section 514(a) of state law claims "premised on the existence

of the plan"); (Argent Br., D.I. 68 at 5-9) (citing and discussing additional cases).

Plaintiffs' aiding and abetting claim is preempted under these well-established principles.

As Plaintiffs themselves concede, "[t]here is no question that the claims asserted in the FAC 'relate

to' and 'arise out of' the ESOP . . ." (Opposition Brief ("Opp."), D.I. 77 at 13.) Likewise, Plaintiffs

admit "the biannual [valuations by Argent giving rise to Plaintiffs' claim] served several crucial

functions, related [ ] *to the administration of the ESOP*," and were mandated by the Appvion ESOP

and Trust Agreements. (FAC ¶ 112) (emphasis added).[1] Just as material, Plaintiffs allege in FAC

¶ 113 that Argent's valuation determinations were required for matters central to plan

administration, including "contributions to the ESOP," "distributions to ESOP participants," and

"estimate[s] [of] the upcoming repurchase obligations under the ESOP." Those allegations should

be the end of the ERISA preemption inquiry, and with the help of Plaintiffs' own concessions,

resolve it in Argent's favor.[2]

Plaintiffs spend some eighteen pages of their Opposition Brief on a confusing and

meandering discussion about general preemption and a provision under ERISA (section 502) that

Argent for good reason – it is irrelevant - did not address in its Motion. Instead, Plaintiffs devote

---

[1] Copies of the ERISA plan documents that mandate and govern all of Argent's challenged conduct—the Appvion ESOP and Trustee Agreements—are attached to Argent's Motion. (*See* D.I. 68-1, 68-2, 68-3.)

[2] Plaintiffs do not and cannot refute these well-established preemption principles under section 514(a). For example, at one point Plaintiffs cite to *Kollman v. Hewitt Associates, LLC*, 487 F.3d 139 (3d. Cir. 2007) (Opp., D.I. 77 at 17), where the Third Circuit relied upon the expansive scope of section 514 to affirm as preempted a state law claim against a plan service provider. There, the challenged actions by the service provider related to conduct necessary for administration of the plan (just like the valuation determinations by Argent were necessary for administration of the Appvion ESOP), and to "subject such companies to the differing state court interpretations of [a] tort . . . would create obstacles to the uniformity of plan administration that was and is one of ERISA's goals." *Id.* at 148.

less than two pages to Argent's argument for preemption under ERISA section 514(a). (*See* Opp., D.I. 77 at 32-33.) In that very brief discussion of Argent's argument, Plaintiffs do not even address, much less distinguish, the principal and most analogous case discussed at length in Argent's Opening Brief. (Argent Br., D.I. 68 at 9-10 (*citing Antioch Co. Litig. Trust v. Morgan*, 456 B.R. 791 (Bankr. S.D. Ohio 2011)).

In *Antioch*, as here, a post-confirmation litigation trustee sued directors for breach of state law fiduciary duties. The litigation trustee also sued the institutional ESOP trustee for "aiding and abetting" those breaches of state law fiduciary duty. There, an ESOP fiduciary had also filed a separate lawsuit in a different court on behalf of the ESOP and its participants asserting ERISA claims against the institutional ESOP trustee based upon the same alleged conduct (*Fish, et al. v. GreatBanc Trust Company, et al.*, 09-cv-1668 (N.D. Ill.)), just as the Appvion ESOP Administrative Committee for the Appvion ESOP has done in the Eastern District of Wisconsin before this case was even filed.[3] After summarizing the expansive preemptive effect of section 514(a), the Bankruptcy Court in *Antioch* concluded that the aiding and abetting claim was preempted because it was based solely on the institutional ESOP trustee's conduct in its role as an ERISA fiduciary, and thus "necessarily interfere[d] with the comprehensive ERISA enforcement scheme." *Antioch*, 456 B.R. at 836. Just like the FAC in this case, the complaint in *Antioch* did "not contain a single allegation that suggests [the ESOP trustee] made any decision, good, bad or otherwise, outside of its fiduciary role as the ESOP Trustee." *Id.*

Plaintiffs ironically urge this Court to follow the *Antioch* court's preemption analysis of the claims asserted against the director defendants in that case, stating in their brief that the *Antioch* court correctly "addressed preemption in a factual setting similar to here." (Opp., D.I. 77 at 27.)

---

[3] A copy of the Amended Complaint in that separate ERISA lawsuit—E.D. Wisc. No. 1:18-cv-01861-WCG (the "Wisconsin Action")—has been filed in this case at D.I. 66-1.

Yet, to quote the Plaintiffs, the *Antioch* court "addressed preemption in a factual setting similar to here" in dismissing the liquidating trustee's aiding and abetting claims against the ESOP trustee, and the Plaintiffs have provided no reason that this Court should not reach the same conclusion. Plaintiffs do not even dispute that other courts, like the *Antioch* court, have also routinely held state law aiding and abetting claims are preempted by ERISA, as Argent notes in its Opening Brief. (Argent Br., D.I. 68 at 9-10).[4]

There are simply no allegations in the FAC, and Plaintiffs do not argue in the Opposition Brief, that Argent took any action outside of conduct that is (1) premised on the existence of the Appvion ESOP, (2) fundamental to the administration of the Appvion ESOP, and (3) governed by ERISA. Plaintiffs admit that "the valuations of PDC stock were undoubtedly central to the administration of the ESOP," and that there is "no doubt that claims that involve entities' roles as ERISA [ ] fiduciaries are preempted by ERISA section 514(a)[.]" (Opp. at 31, 33.) It is hard to imagine a claim that has a more direct "connection with" an employee benefit plan or that more closely relates to "administration of" an employee benefit plan than Plaintiffs' state law claim against Argent based solely upon actions required by the Appvion ESOP and Argent's ERISA fiduciary role as Trustee. (Argent Br., D.I. 68 at 5-9); *Ingersoll-Rand Co.*, 498 U.S. at 138-140

---

[4] Plaintiffs also ignore *McLemore v. Regions Bank*, Nos. 08-cv-0021, 08-cv-1003, 2010 U.S. Dist. LEXIS 25785, 2010 WL 1010092 (M.D. Tenn. Mar. 18, 2010). *McLemore* is another decision where aiding and abetting claims by a bankruptcy trustee were dismissed as preempted. (*See* Argent Br., D.I. 68 at 9-10.). Plaintiffs attempt to distinguish some of these other cases by noting in passing that the parties had "ERISA-regulated relationships" and were brought by plaintiffs authorized to bring suit under ERISA. (Opp. at 32-33.) Those decisions turned not upon the status of the plaintiffs or relationships between the parties to the case, but upon the same preemption principles that require dismissal of the aiding and abetting claim against Argent. *See, e.g.*, *AT&T v. Empire Blue Cross & Blue Shield*, No. 93-cv-1224, 1994 U.S. Dist. LEXIS 21091, *76, *80 (D.N.J. July 19, 1994) (dismissing aiding and abetting claim that was "predicated upon alleged agreements and conduct involving [employee benefit] Plan administration"—like Argent's valuation determinations mandated by the Appvion ESOP and Trustee Agreements for purposes of ESOP administration—and sought to hold defendant "to state law standards for the same conduct upon which [the] ERISA claims are based," which would squarely "frustrate the intended effect of the preemption provision to prevent conflicts among state standards of conduct applicable to ERISA entities")

*Iola*, 700 F.3d at 83-84; *Menkes*, 762 F.3d at 293-296.

That Plaintiffs improperly seek to impose a state law standard for conduct governed by ERISA is perhaps most clearly demonstrated by the allegations in the Wisconsin Action, which Plaintiffs do not mention in their Opposition Brief. Prior to this action, the ESOP Administrative Committee for the Appvion ESOP brought ERISA claims against Argent in the Eastern District of Wisconsin based on the identical allegations that Plaintiffs subsequently asserted under state law here. (*See* D.I. 66-1.) ERISA section 514(a) was designed to prohibit this very thing, namely, subjecting an ERISA fiduciary to a state law for the very same conduct governed by ERISA. Because Plaintiffs' aiding and abetting claim impermissibly seeks to use state common law to challenge Argent's conduct related to its fiduciary role with the Appvion ESOP, it is preempted by section 514(a) and should be dismissed.

2.    **The Aiding and Abetting Claim Should Alternatively be Dismissed Because it was Not Preserved in the Bankruptcy Plan.**

The Court should dismiss the aiding and abetting claim for the alternative reason that it was not preserved in the Bankruptcy Plan of Liquidation (the "Bankruptcy Plan"). Recall that the Bankruptcy Plan reserves only specific claims for the Plaintiffs to pursue and everything else is barred. Those reserved claims are:

> (a) all claims and Causes of Action related to or arising out of the ESOP that are not Direct ESOP Claims, (b) the Preserved D&O Claims, (c) all claims and Causes of Action arising under Chapter 5 of the Bankruptcy Code (other than Causes of Action that constitute Acquired Assets), and (d) all claims and Causes of Action against insiders of the Debtors.

(FAC ¶ 366.) As noted in Argent's Opening Brief, three of the four categories of preserved Litigation Claims ((b)-(d)) are facially inapplicable to Argent. (Argent Br., D.I. 68 at 11.) Plaintiffs do not contend otherwise.

The remaining section, (a), does not identify Argent by name or identify the aiding and

6

abetting breach of state law fiduciary duty claim against Argent. It stretches the plain language of section (a) past its breaking point to conclude that the claim against Argent has a textual basis in the Bankruptcy Plan, and it should be dismissed on that ground alone. Plaintiffs are therefore left to contend that the state law tort claim against Argent is "related to…the ESOP", placing it squarely within ERISA "related to" preemption.

Plaintiffs tepidly resist this conclusion (Opp., D.I. 77 at 12) by claiming that the same words—"related to"—in ERISA preemption and the Bankruptcy Plan is a "textual coincidence" and a "gotcha." (Opp. at 12.) But Plaintiffs never explain why the phrase "related to" should receive different constructions by the Court. It would be a strange outcome indeed for the claim against Argent to be "related to…the ESOP" for Bankruptcy Plan purposes but not "related to" ERISA for preemption purposes, particularly in light of clear Supreme Court and Third Circuit precedent affirming that ERISA preemption under section 514(a) is "deliberately expansive" and "conspicuous for its breadth," as explained in Argent's Opening Brief. (Argent Br., D.I. 68 at 5-7.)[5]

### 3. In all Events, Plaintiffs Failed to Adequately Plead an Aiding and Abetting Claim against Argent.

Even if preserved and not preempted, the Court should dismiss the aiding and abetting claim against Argent for failure to state a claim.

Plaintiffs failed to address Argent's central thematic argument for dismissal—that the aiding and abetting claim against Argent is not plausible under *Twombly* and *Iqbal*. (Argent Br., D.I. 68 at 14-16.) Argent argued in its Opening Brief that it had absolutely no incentive or reason

---

[5] That Plaintiffs may be left without a state law cause of action against Argent is inconsequential to the preemption analysis. As the court in *Metro. Life Ins. Co. v. Depalo* explained in a decision Plaintiffs attempt to rely upon (Opp. 12-13), the "difficult position" of leaving plaintiff without state law claims "does not empower the Court to disregard section 514(a)'s text, Congress's intent, binding precedent interpreting section 514(a), and other persuasive opinions . . . There is no such exception in the preemption provisions of ERISA." No. 13-3092, 2014 U.S. Dist. LEXIS 132502, at *30-31 (D.N.J. Sep. 22, 2014).

to assist the directors in allegedly breaching their fiduciary duties, and more importantly for Rule 12 purposes, no such incentive or reason is plead. (*Id.* at 14-15.) Nor can the Court reasonably infer such incentive or reason from any specific allegation, or the FAC generally. In fact, Argent pointed out how *implausible* it was that a professional trustee firm with *nothing* to gain would engage in such conduct. (*Id.*) Taking the argument still further, Argent contended that it was ever more implausible to think this alleged conspiracy would stretch over a decade, a changing group of directors, and multiple independent trustee firms. These were important arguments and Plaintiffs challenged neither the facts nor the legal importance of Argent's lack of incentive or reasons. This pleading deficiency compels dismissal for failure to state a claim.

Having ignored our main point that Plaintiffs failed to plead an improper incentive or reason, Plaintiffs attempt to counter our additional argument in our Opening Brief (*id.* at 14) that they did not satisfy the stringent "knowing participation" element of their claim by asserting in their Opposition Brief that Argent was "fully aware" of the directors' "mismanagement." (Opp., D.I. 77 at 39.) To support this sweeping and conclusory contention, however, Plaintiffs point only to FAC allegations that Argent worked with the Debtors' "management," and thus they now argue, "could not have been ignorant of management's misconduct." (Opp., D.I. 77 at 40.) That conclusory statement fails to plead "knowing participation" or an inference of "knowing participation" in anything, and especially not "knowing participation" in a breach of duty by the *directors. McFall v. Stacy & Witbeck, Inc.*, No. 14-cv-04150-JSC, 2016 U.S. Dist. LEXIS 148399, *20 (N.D. Cal., Oct. 26, 2016) (citing *In re Sharp Int'l Corp.*, 281 B.R. 506, 515 (Bankr. E.D.N.Y. 2002)) (dismissing aiding and abetting claims against valuation advisor). In other words, Plaintiffs' conclusory allegations and statements (Argent was "fully aware" and "could not have been ignorant") do not state or provide a reasonable basis to infer the "knowing participation" element

8

of an aiding and abetting claim, as Argent showed in its Opening Brief. *E.g.*, *In re Santa Fe Pacific Corp. Shareholder Lit.,* 669 A.2d 59, 72 (Del. 1995) (proper to dismiss aiding and abetting claim where plaintiff failed to plead more than conclusory allegations about knowing participation); (Argent Br., D.I. 68 at 12-15).

Plaintiffs fare no better on the further requirement to plead facts showing Argent acted with scienter, which provides another "degree of insulation from liability" for service providers like Argent, as explained in our Opening Brief. (Argent Br., D.I. 68 at 13-14.) In their Opposition Brief, Plaintiffs point only to alleged flaws in Argent's and Stout's valuation work. Yet even assuming (as we must at this point) that such alleged flaws occurred, that a valuation decision might have been flawed hardly pleads that Argent acted with "an illicit state of mind." *Cumming v. Edens.*, 2018 Del. Ch. LEXIS 54, at *58 (Del. Ch. Feb. 20, 2018). This is particularly so where, again, there is no allegation in the FAC from which the Court could reasonably infer that Argent stood to gain from its alleged bad acts and the risking of its professional reputation. This is hardly the case and these are hardly the allegations that make an exception to the rule that an "aiding and abetting claim [is] among the most difficult to prove.'" *Cumming*, 2018 De. Ch. LEXIS 54 at *58-59 (quoting *RBC Capital Mkts. LLC v. Jervis*, 129 A.3d 816, 866 (Del. 2015)).

**B.     The Avoidance Claims (Count XII and XIII) Should also be Dismissed**

**1.     Argent's Motion to Dismiss the Preference Claim (Count XII) is Unopposed.**

Argent moved to dismiss Plaintiffs' preference claim (Count XII). (*See* Argent Mot., D.I. 67; Argent Br., D.I. 68 at 20-21.) Plaintiffs do not contest this aspect of our motion in their Opposition Brief. Because Plaintiffs fail to present any argument in opposition to Argent's motion to dismiss Count XII, they have waived the opportunity to contest it, and the Court can and should enter judgment in Argent's favor. *Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d. Cir.

2005) (a party's failure to oppose an argument raised in a motion to dismiss constitutes waiver). *See also O'Neal v. Middletown Twp.*, No. 3:18-cv-5269, 2019 U.S. Dist. LEXIS 59, at *9 (D.N.J. Jan. 2, 2019) ("Plaintiffs fail to present any substantive argument in opposition to Defendants' argument, and therefore, have conceded the point"); *Person v. Teamsters Local Union 863*, No. 12-2293, 2013 U.S. Dist. LEXIS 149252, at*5 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver"); *Estate of Millner v. Bayada Nurses, Inc.*, No. 05-cv-3164, 2006 U.S. Dist. LEXIS 3709, at *5-6 (D.N.J. Jan. 30, 2006) (same); *Ankele v. Hambrick*, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it"), *aff'd*, 136 F. App'x 551 (3d Cir. 2005). The Court should therefore dismiss Count XII as to Argent.

### 2.    The Fraudulent Transfer Claim (Count XIII) Should also be Dismissed.

Argent moved to dismiss Plaintiffs' fraudulent transfer claim (Count XIII) as a matter of law because it is undisputed that the challenged payments were made to satisfy Appvion's antecedent debt to pay Argent's trustee fees, and also because the FAC fails as a pleading matter to allege facts sufficient to establish a claim. (Argent Br., D.I. 68 at 16-19.) Plaintiffs offer a four-line response. They argue Count XIII should not be dismissed because Argent provided services to the Appvion ESOP, not "directly to Appvion . . . ." (Opp. at 43-44.) This superficial response ignores Argent's principal argument for dismissal—the Argent Transfers indisputably were made for the satisfaction of an *antecedent debt of Appvion*, which as a matter of law constitutes reasonably equivalent value to Appvion for purposes of both Bankruptcy Code section 548(a) and the Uniform Fraudulent Transfer Act. (Argent Br., D.I. 68 at 17-19.)

Under the Trustee Letter Agreements incorporated into the FAC—which Plaintiffs ignore—it is undisputed that Appvion agreed to pay Argent specified fees in exchange for Argent's

services on behalf of Appvion's ESOP and Employee Stock Ownership Trust ("ESOT"). (D.I. 68-4, D.I. 68-5.) Appvion therefore had a preexisting obligation (i.e., antecedent debt) to pay Argent for those services. Because the challenged Argent Transfers were payments towards Appvion's antecedent debt, they constitute reasonably equivalent value to Appvion as a matter of law. That requires dismissal under Rule 12(b)(6), as this Court and numerous others have held in decisions Plaintiffs neither cite nor refute. (*See* Argent Br., D.I. 68 at 17-19) (citing *Gellert v. Coltec Indus. (In re Crucible Materials Corp.)*, Nos. 09-11582, 11-53884, 2012 Bankr. LEXIS 5102, at *21-22 (Bankr. D. Del., Oct. 31, 2012) (Walrath, J.) (fraudulent transfer claim related to payments debtor made on behalf of defendant lessee failed because the payments were for a contractual obligation debtor assumed and thus constituted reasonably equivalent value); *Pardo v. Gonzaba, (In re APF Co.)*, 308 B.R. 183 (Bankr. D. Del. 2004) (payments of antecedent debt not avoidable as fraudulent transfer); *Burch v. Seaport Capital, LLC (In re Direct Response Media, Inc.)*, 466 B.R. 626, 660 (Bankr. D. Del. 2012 (same).

Count XIII fails for yet another reason—the FAC does not sufficiently allege facts to state a fraudulent conveyance claim. In the FAC, Plaintiffs state only the bare legal conclusion that "Appvion did not receive reasonably equivalent value in exchange for the Argent Transfers" (FAC ¶ 481), which is the very type of threadbare recital that numerous courts have held is insufficient to survive a Rule 12(b)(6) motion to dismiss a fraudulent transfer claim. (*See* Argent Br., D.I. 68 at 16-19.) Plaintiffs' argument that Argent's services were for the Appvion ESOP and therefore Appvion "did not receive anything" is wrong, and does not cure this pleading deficiency. After all, it is undisputed that Appvion established the ESOP to provide benefits for its employees (D.I. 68-1), established the ESOT for the purpose of funding those benefits for its employees (D.I. 68-2, D.I. 68-3), and then contracted to pay Argent to act as ESOP Trustee and provide necessary

services on behalf of Appvion's ESOP, ESOT, and employees. (D.I. 68-4, D.I. 68-5.) Plaintiffs argument that Appvion "did not receive anything" from Argent's services is simply not a "plausible" or "reasonable inference" to be drawn from the FAC. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court should dismiss Plaintiffs' constructive fraudulent transfer claim in Count XIII.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, and the reasons stated in Argent's Motion and Opening Brief (D.I. 67, D.I. 68), the claims against Argent Trust Company should be dismissed.

Dated: May 7, 2019                          **MORRIS JAMES LLP**

/s/ Carl N. Kunz, III
Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Facsimile:   (302) 571-175
E-mail:  ckunz@morrisjames.com

and

Michael L. Scheier, Esq. (0055512)
Brian P. Muething, Esq. (0076315)
Jacob Rhode, Esq. (0089636)
**KEATING MUETHING & KLEKAMP PLL**
One East Fourth Street, Suite No. 1400
Cincinnati, Ohio 45202
E-mail:  mscheier@kmklaw.com
E-mail: bmuething@kmklaw.com
E-mail: jrhode@kmklaw.com
Telephone:  (513) 579-6400
Facsimile:  (513) 579-6457

*Counsel for Argent Trust Company*