UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OLDAPCO, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12082 (MFW)<br><br>**(Jointly Administered)** |
| ALAN D. HALPERIN AND EUGENE I. DAVIS, AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MARK R. RICHARDS, THOMAS J. FERREE, TAMI L. VAN STRATEN, JEFFREY J. FLETCHER, KERRY S. ARENT, STEPHEN P. CARTER, TERRY M. MURPHY, ANDREW F. REARDON, KATHI P. SEIFERT, MARK A. SUWYN, CARL J. LAURINO, DAVID A. ROBERTS, KEVIN GILLIGAN, ARGENT TRUST COMPANY, STOUT RISIUS ROSS, INC., STOUT RISIUS ROSS, LLC, JOHN/JANE DOES 1-40,<br><br>Defendants. | Adv. Proc. No. 18-50955 (MFW) |

**MOTION OF ALAN D. HALPERIN AND EUGENE I. DAVIS,
AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST,
PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b), BANKRUPTCY RULE
9018, AND LOCAL RULE 9018-1 PERMITTING ALAN HALPERIN
AND EUGENE DAVIS, AS CO-TRUSTEES OF THE APPVION
LIQUIDATING TRUST, TO FILE UNDER SEAL THE UNREDACTED
<u>VERSION OF THE PROPOSED SECOND AMENDED COMPLAINT</u>**

Plaintiffs Alan D. Halperin and Eugene I. Davis, as Co-Trustees (the "<u>Co-Trustees</u>") of

the Appvion Liquidating Trust, by and through their undersigned counsel, hereby move (the

1

"Motion to Seal") for the entry of an order pursuant to sections 105(a) and 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") permitting the Co-Trustees to file under seal the unredacted version of the Proposed Second Amended Complaint (the "Proposed Second Amended Complaint"). In support of the Motion to Seal, the Co-Trustees state the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334, as well as under Article XV of the confirmed plan of liquidation (the "Plan") in the above-captioned cases.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 107(b). Relief is also warranted pursuant to Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

3. On August 14, 2018, the Court entered an order confirming the Plan for the Debtors' bankruptcy estates. Under the terms of the Plan and corresponding documents, the Trust was given the right, authority, and discretion to pursue Litigation Claims (as defined in the Plan), specifically reserving all rights to investigate and prosecute causes of action against, among others, certain former Directors and Officers of the Debtors (collectively, the "D&Os," but excluding Released D&Os, as defined in the Plan), and any persons related to claims and Causes of Action related to or arising out of Debtor Paperweight Development Corporation's

2

employee stock ownership plan (the "ESOP") that are not Direct ESOP Claims (as defined in the Plan). The Plan's effective date was August 24, 2018.

4. In accordance with the Plan and pursuant to the Liquidating Trust Agreement (as defined in the Plan), the Appvion Liquidating Trust was established with the authority to obtain, investigate and prosecute the Litigation Claims vested in the Liquidating Trust. Alan D. Halperin and Eugene I. Davis were appointed as the Co-Trustees of the Appvion Liquidating Trust.

5. On November 30, 2018, the Co-Trustees filed the Complaint [Adv. D.I. 6] (the "Complaint") commencing the above-captioned adversary proceeding.

6. On January 29, 2019, the Defendants filed Motions to Dismiss the Complaint. [Adv. D.I. 36, 38, 41].

7. On February 19, 2019, the Co-Trustees filed the First Amended Complaint [Adv. D.I. 59] (the "FAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 7015 of the Federal Rules of Bankruptcy Procedure. By the FAC, the Co-Trustees assert causes of action for breaches of fiduciary duty against certain former directors and officers/employees of the Debtors, as well as against Argent Trust Company (stemming from its service as trustee of the ESOP) and against Stout Risius Ross affiliated entities for aiding and abetting breaches of fiduciary duties. The claims arise in connection with the inflation of the bi-annual valuations of Debtor Paperweight Development Corp.'s ("PDC") common stock, performed by Stout under its engagement for that purpose by Argent. The FAC focuses on the Debtors' financial projections, and the Debtors' historic inability to meet those projections during the period June 2013 through June 2017. Relatedly, the FAC focuses on the relationship between the fair market value of PDC (determined by SRR with the assistance of certain defendant directors and officers) and the projections. The FAC pleads that through the coordinated actions of the directors and

officers/employees of the Debtors and Argent Trust/Stout, the biannual valuations were purposefully inflated. The FAC focuses on the effect of that inflation as it caused the Debtors to borrow money from third party lenders, increasing their borrowings and contributing to their need to seek bankruptcy protection. Further, the FAC pleads that certain of the Debtors' directors and officers/employees were motivated to inflate the valuations for their personal gain, as they stood to reap substantial financial rewards from both their eventual retirement from the Debtors, and from the manner in which their equity incentive compensation was determined. The FAC also pleads causes of action related to unlawful corporate dividends. The FAC also pleads causes of action under 11 U.S.C. §§ 544, 547, 548 and 550, as well as under applicable state law with respect to certain transfers made by the Debtors.

8. On March 19, 2019, the Defendants filed their Motions to Dismiss the FAC and the related memorandum of law in support of that motion to dismiss. *See* Adv. D.I. 65, 66, 67, 68, 69, 70.

9. On April 19, 2019, the Co-Trustees filed their Memorandum of Law In Opposition to Defendants' Motions to Dismiss. *See* Adv. D.I. 77.

10. On May 7, 2019, the Defendants filed their reply briefs in support of their motions to dismiss the FAC. *See* Adv. D.I. 80, 81, 82. In that reply brief, Argent claimed that the Plaintiff (in the Co-Trustee's opposition brief) did not contest Argent's argument that Count XII was pled with inadequate specificity, and therefore asserted that the Court should enter judgment on Count XII in Argent's favor. *See* Adv. D.I. 81 at 9. For the reasons set forth in Plaintiff's motion to file a Proposed Second Amended Complaint (filed contemporaneously herewith), Plaintiff seeks Court authorization to file a limited amendment to the FAC.

**RELIEF REQUESTED**

11. By this Motion to Seal, the Co-Trustees request authority to file the unredacted version of the Proposed Second Amended Complaint under seal.

**BASIS FOR RELIEF**

12. While Bankruptcy Code section 107(a) contemplates public access to materials filed in connection with bankruptcy cases, Bankruptcy Code Section 107(b) provides an exception to the general rule. Under that section, "on request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to . . . confidential . . . commercial information." 11 U.S.C. § 107(b). Moreover, Bankruptcy Rule 9018 permits parties in interest to file a motion seeking to file documents under seal. *See* Fed. R. Bankr. P. 9018 ("On motion . . ., with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of . . . confidential commercial information . . . .").

13. Additionally, Bankruptcy Code section 105(a) gives the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. The unredacted Proposed Second Amended Complaint contains, discusses, and references material non-public information relating to financial projections of the Debtors' Thermal and Carbonless businesses. Those financial projections were used by Stout and Argent in preparing a discounted cash flow analysis in connection with Stout and Argent's determination of the fair market value of PDC common stock as of June 30 and December 31 of each year. The last fair market value determination by Stout and Argent was as of June 30, 2017 (the "June 2017 FMV Determination"). The discounted cash flow analysis for each of the Carbonless and Thermal businesses contain earnings before interest, tax, depreciation and

amortization projections for fiscal years ending 2017 through 2021. Additionally, the June 2017 FMV Determination also contains projected net sales and projected operating income for fiscal years ending 2017 through 2021.

15. The Proposed Second Amended Complaint also cites to and discusses Stout/Argent's opinions of the fair market value of PDC common stock dating back to June 2013, and financial results preceding that time frame.

16. In preparing its biannual valuations, Stout purportedly relied on the Debtors' internally-prepared financial statements, including internally-prepared financial statements for the Carbonless Business, Thermal Business and Encapsys Business; the Debtors' internally-prepared balance sheets; and on discussions with certain members of Debtors' senior management regarding the operations, financial condition, future prospects, and projected operations and performance of the Debtors.

17. Appvion Holding Corp., the purchaser under the 363 Sale Agreement (as defined in the Plan), has indicated that it believes that certain aspects of each of the Stout/Argent fair market value determinations addressed in the FAC and in the Proposed Second Amended Complaint are confidential.

18. In advance of the filling of what is now the FAC, counsel for the Co-Trustees provided an unredacted version of the FAC to Appvion Holding Corp.. Appvion Holding Corp., through its counsel, has informed the undersigned counsel that it believes that only certain parts of the FAC should be filed under seal. While the Co-Trustees reserved their right to ultimately contest that designation, the Co-Trustees submit this Motion to Seal so as to preserve the confidentiality of certain information designated by Appvion Holding Corp.

19. The text that the Co-Trustees' request sealing treatment includes redactions consistent with the earlier redacted versions of the Complaint and the FAC filed on the Court's ECF system on December 3, 2018 and February 19, 2019, respectively. *See* Adv. D.I., 6. It also contains additional redactions to new text added by virtue of the amendment.

20. Thus, the Co-Trustees request permission to file an unredacted copy of the Proposed Second Amended Complaint under seal to preserve the claimed confidentiality of certain information contained in the Proposed Second Amended Complaint.

21. In connection with this Motion to Seal, the Co-Trustees have provided an unredacted copy of the Proposed Second Amended Complaint to (i) the Court, and (ii) counsel of record for each Defendant. The Co-Trustees believe that, under the circumstances, such notice is sufficient and that no further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Co-Trustees respectfully request the entry of an order: (a) permitting the Co-Trustees to file certain parts of the Proposed Second Amended Complaint under seal, and (b) granting the Co-Trustees such further relief as is just and proper.

Dated: May 22, 2019

**GRANT & EISENHOFER P.A.**

<u>*/s/ Vivek Upadhya*</u>

Christine Mackintosh (Delaware Bar No. 5085)
Vivek Upadhya (Delaware Bar No. 6241)
R. Alexander Gartman (*pro hac vice* to be filed)
123 Justison Street
Wilmington, Delaware 19801
Tel: 302-622-7000
Email: cmackintosh@gelaw.com
vupadhya@gelaw.com
agartman@gelaw.com

-and-

Gordon Z. Novod (*pro hac vice* pending)
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8500
Fax: 646-722-8501
Email: gnovod@gelaw.com

*Special Counsel for Alan D. Halperin and Eugene I. Davis, as Co-Trustees of the Appvion Liquidating Trust*