UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OLDAPCO, INC., *et al.*,<br><br>Debtors.<br><br>ALAN D. HALPERIN AND EUGENE I. DAVIS, AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MARK R. RICHARDS, THOMAS J. FERREE, TAMI L. VAN STRATEN, JEFFREY J. FLETCHER, KERRY S. ARENT, STEPHEN P. CARTER, TERRY M. MURPHY, ANDREW F. REARDON, KATHI P. SEIFERT, MARK A. SUWYN, CARL J. LAURINO, DAVID A. ROBERTS, KEVIN GILLIGAN, ARGENT TRUST COMPANY, STOUT RISIUS ROSS, INC., STOUT RISIUS ROSS, LLC, JOHN/JANE DOES 1-40,<br><br>Defendants. | Chapter 11<br><br>Case No. 17-12082 (MFW)<br><br>**(Jointly Administered)**<br><br><br>Adv. Proc. No. 18-50955 (MFW)<br><br>**Related Docket Nos. 6, 59, 67, 68, 77, 81** |

**MOTION OF ALAN D. HALPERIN AND EUGENE I. DAVIS,
AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST,
PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b), BANKRUPTCY
RULE 9018, AND LOCAL RULE 9018-1 PERMITTING ALAN
HALPERIN AND EUGENE DAVIS, AS CO-TRUSTEES OF THE
<u>APPVION LIQUIDATING TRUST, TO FILE A SECOND AMENDED COMPLAINT</u>**

Plaintiffs Alan D. Halperin and Eugene I. Davis, as Co-Trustees (the "<u>Co-Trustees</u>") of the Appvion Liquidating Trust, by and through their undersigned counsel, hereby move (the "<u>Motion</u>") for leave to amend the First Amended Complaint filed in this action, in the form

1

attached hereto as Exhibit A (the "Proposed Second Amended Complaint" or "Proposed SAC") pursuant to Rule 7015(a)(2) of the Federal Rules of Bankruptcy Procedure.[1] In support of the Motion, the Co-Trustees state the following:

### RELIEF REQUESTED

1. By this motion, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure, the Co-Trustees request entry of an order, substantially in the form attached hereto as Exhibit C (the "Proposed Order"), granting the Co-Trustees leave to file the Proposed SAC to amend certain paragraphs of the First Amended Complaint [Adv. D.I. 59] (the "FAC") to provide the dates and amounts of each of the payments received by defendant Argent Trust Company ("Argent") during the ninety (90) days prior to the Petition Date.

2. If the Court grants this relief, the following paragraphs of the FAC will be amended to read as follows (with new text in **bold, double underline**):[2]

> 98. Argent received payments totaling $35,996 in the ninety (90) days prior to the Petition Date from Appvion**, Inc. as follows: (i) $17,979 on August 10, 2017, and (ii) $18,017 on September 5, 2017. *See* D.I. 266, Question 3, at 17.** Additionally, Argent received $200,000 annually from Appvion from May 26, 2015.

> 469. Argent received payments totaling $35,996 in the ninety (90) days prior to the Petition Date~~,~~ **from Appvion, Inc. as follows: (i) $17,979 on August 10, 2017, and (ii) $18,017 on September 5, 2017** (the "Argent Preference Payments"). While the exact amount of payments to Argent is not presently known to the Plaintiff, upon information and belief, Argent received annual payments from Appvion, Inc. in the amount of $200,000 from mid-2015 through the Petition Date (with the Argent Preference Payments, the "Argent Transfers"). Argent received the Argent Transfers in return for services rendered as trustee of the ESOP.

---

[1] Contemporaneously herewith, Plaintiff has or will file a motion to file the Proposed Second Amended Complaint under seal. Since the revisions that would constitute the Proposed SAC do not relate to text subject to a sealing request, Plaintiff files a redacted version of the Proposed SAC as Exhibit B.

[2] While the FAC defines Appvion, Inc. as "Appvion," *see* FAC ¶2, Argent's Memorandum of Law in Support of its Motion to Dismiss incorrectly suggests that the FAC does not identify the payor debtor. *See* ECF 68, at 20.

2

473. In the ninety (90) days prior to the Petition Date, ~~PDC and/or~~ Appvion**, Inc.** transferred property or an interest in property totaling $35,996 in cash to Argent.

3. On May 10, 2019, the undersigned counsel spoke with counsel for Argent and presented in writing the proposed amendments as well as the basis for the Co-Trustees' request. Plaintiff requested Argent's consent by May 17, 2019. On May 17, 2019, Argent's counsel indicated that Argent was not able to respond to Plaintiff's request for consent until at least May 24, 2019. In light of the presently submitted motions to dismiss the Plaintiff's complaint, including Court XII applicable to Argent, Plaintiff moves this Court for relief to amend the First Amended Complaint.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well as under Article XV of the confirmed plan of liquidation (the "Plan") in the above-captioned cases.

5. The Co-Trustees consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The relief requested herein is warranted pursuant to Bankruptcy Rule 7015(a)(2).

## BACKGROUND

7. On November 30, 2018, the Co-Trustees filed the Complaint [Adv. D.I. 6] (the "Complaint") commencing the above-captioned adversary proceeding.

8. On January 29, 2019, Argent filed its Motion to Dismiss the Complaint [Adv. D.I. 41]. On that same date, the D&O Defendants[3] and Stout filed motions to dismiss the Complaint. [Adv. D.I. 36, 38].

9. On February 19, 2019, the Co-Trustees filed the FAC. The FAC added Count XII against Argent alleging that the Argent Preference Payments are avoidable pursuant to 11 U.S.C. §§ 547, 544(b) and 550, 6 Del. C. § 1301 et seq., Wisconsin Statutes, Ch. 242, et seq., and that the Argent Preference Payments, to the extent avoided, be recovered by the Plaintiff pursuant to 11 U.S.C. § 550. *See* FAC, ¶¶ 468-478, prayer for relief, (l).

10. On March 19, 2019, Argent filed its Motion to Dismiss the FAC and the related memorandum of law in support of that motion to dismiss (the "Argent MOL"). *See* Adv. D.I. 67, 68. In support of Argent's request to dismiss Count XII, Argent stated that "…a preference claim, like Count XII in the [FAC], 'must identify each transfer by date, amount, name of transferor, and name of transferee.'" Argent MOL, at 20 (internal citation omitted). Argent did not, in the Argent MOL, state specifically that it believed that the FAC did not identify each Argent Preference Payment by date, amount, name of transferor and name of transferee.

11. On April 19, 2019, the Co-Trustees filed their Memorandum of Law In Opposition to Defendants' Motions to Dismiss, including Argent's Motion to Dismiss. *See* Adv. D.I. 77. Because Argent did not specifically identify which information that it believed was not properly plead with respect to Count XII, the Co-Trustees did not specifically respond to this objection.

12. On May 7, 2019, Argent filed its reply brief in support of its motion to dismiss the FAC. *See* Adv. D.I. 81. In that reply brief, Argent claimed that the Plaintiff (in the Co-Trustee's

---

[3] Capitalized terms not otherwise defined herein shall have the meaning as set forth in the FAC.

opposition brief) did not contest Argent's argument that Count XII was pled with inadequate specificity, and therefore asserted that the Court should enter judgment on Count XII in Argent's favor. *See* Adv. D.I. 81 at 9.

## THE AMENDED COMPLAINT

13. Since the FAC already identifies Argent as the transferee, the Co-Trustees seek to make certain limited clarifying amendments to FAC in order to make clear that Appvion was the transferor, and to identify the date and amount of each of the Argent Preference Payments. If granted, this will be the first amendment to this Count of the FAC. Plainly, the Proposed SAC is based on the same facts as the FAC.

## BASIS FOR RELIEF

14. It is well settled that leave to amend a pleading pursuant to Rule 15(a) should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "leave sought should, as the rules require, be 'freely given'"); *see also Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole*, 921 F.2d at 487. Leave to amend a complaint should be granted "[i]n the absence of any apparent or declared reason [not to] — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman*, 371 U.S. at 182; *see also Glob. Link Liquidating Trust v. Avantel, S.A. (In re Glob. Link Telecom Corp.)*, 327 B.R. 711, 718 (Bankr. D. Del. 2005) (courts typically find an amendment permissible unless "there is undue delay, bad faith, a dilatory motive, prejudice, or futility.").

15. Courts have liberally granted amendments, and have only denied leave to amend where the amendment is motivated by bad faith or where it would be unduly prejudicial to the opposing party. *See Adams v. Gould, Inc.*, 739 F.2d 858, 868-69 (3d Cir. 1984) (finding that in the absence of bad faith and prejudice to defendants, the district court erred in failing to open up a judgment and granting leave to plaintiff in order to amend its amended complaint). To prevent amendment of a complaint, "the non-moving party . . . must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

16. "Third Circuit courts have extrapolated five instances in which a court may deny leave to amend a complaint: (1) if delay in seeking amendment is undue; (2) if delay in seeking amendment is prejudicial to the opposing party; (3) if delay in seeking amendment is motivated by bad faith; (4) if the amendment is futile in that it fails to state a claim for which relief can be granted; or (5) if the movant does not provide a drafted amended complaint." *Mortgage Lenders Network USA, Inc. v. Wells Fargo Bank (In re Mortgage Lenders Network, USA, Inc.)*, 395 B.R. 871, 876 (Bankr. D. Del. 2008) (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272-73 (3d Cir. 2001)).

    A.    **The Delay In Seeking Amendment Is Not Undue**

17. There is no undue delay, bad faith, or dilatory motive on the Co-Trustees' part, and no parties in interest will be prejudiced by the filing of the Proposed SAC. The Proposed SAC is nearly identical to the FAC, except for the clarification text concerning Count XII and Argent. Only after re-reviewing the FAC after reading Argent's reply brief in support of its motion to dismiss, did the Co-Trustees determine that the filing of the Proposed SAC was desirable, and, by this Motion, have timely sought leave to amend the FAC.

### B. The Delay In Seeking Amendment Is Not Prejudicial To Argent

18. Additionally, Argent cannot demonstrate any prejudice whatsoever; to the extent Argent was harmed by any deficiency in the pleading of Count XII of the FAC, such deficiencies would be cured by the amendments set forth herein and the Proposed SAC.

19. In contrast, the Co-Trustees will be exposed to a risk of significant prejudice if leave to amend is denied. Were the Court to deny leave to amend, and then dismiss Count XII without prejudice, the Co-Trustees would then be required to initiate a separate adversary proceeding against Argent solely to bring the preference claims presently brought under Count XII. Such a process would be duplicative, time consuming, and a waste of both the Co-Trustees' and this Court's time and resources. Thus, denial of leave to amend would prejudice only the moving party and the resources of this Court, while working no harm upon Argent, the non-moving party.

### C. The Delay In Seeking Amendment Is Not Motivated By Bad Faith

20. As stated above, only after re-reviewing the FAC after reading Argent's reply brief in support of Argent's motion to dismiss, did the Co-Trustees determine that the filing of the Proposed SAC was desirable, and, by this Motion, have timely sought leave to amend the FAC.

### D. The Amendment Is Not Futile In That It States A Claim For Which Relief Can Be Granted

21. The Co-Trustees believe that with the revisions to the FAC stated herein, they have alleged a claim for which relief can be granted.

**E.     Argent Was Provided with the Revisions to the FAC that Would Constitute the Proposed SAC**

22. The Co-Trustees have provided a draft of the revisions to the FAC that would constitute the Proposed SAC. Redacted and unredacted copies of the Proposed SAC are attached hereto as Exhibits A and B.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Co-Trustees respectfully request the entry of an order: (a) permitting the Co-Trustees to file the Proposed Second Amended Complaint, and (b) granting the Co-Trustees such further relief as is just and proper.

Dated: May 22, 2019

**GRANT & EISENHOFER P.A.**
*/s/ Vivek Upadhya*
Christine Mackintosh (Delaware Bar No. 5085)
Vivek Upadhya (Delaware Bar No. 6241)
R. Alexander Gartman (*pro hac vice* to be filed)
123 Justison Street
Wilmington, Delaware 19801
Tel: 302-622-7000
Email: cmackintosh@gelaw.com
           vupadhya@gelaw.com
           agartman@gelaw.com

-and-

Gordon Z. Novod (*pro hac vice* pending)
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8500
Fax: 646-722-8501
Email: gnovod@gelaw.com

*Special Counsel for Alan D. Halperin and Eugene I. Davis, as Co-Trustees of the Appvion Liquidating Trust*
