UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| OLDAPCO, INC., *et al.,* | Chapter 11 |
| Debtors. | Case No. 17-12082 (MFW) |
| | **(Jointly Administered)** |
| ALAN D. HALPERIN AND EUGENE I. DAVIS, AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST, | Adv. Proc. No. 18-50955 (MFW) |
| Plaintiff, | **Related Adv. D.I. 112, 113** |
| v. | |
| MARK R. RICHARDS, THOMAS J. FERREE, TAMI L. VAN STRATEN, JEFFREY J. FLETCHER, KERRY S. ARENT, STEPHEN P. CARTER, TERRY M. MURPHY, ANDREW F. REARDON, KATHI P. SEIFERT, MARK A. SUWYN, CARL J. LAURINO, DAVID A. ROBERTS, ARGENT TRUST COMPANY, STOUT RISIUS ROSS, INC., STOUT RISIUS ROSS, LLC, JOHN/JANE DOES 1-40, | |
| Defendants. | |

**MOTION OF ALAN D. HALPERIN AND EUGENE I. DAVIS, AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST, (A) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 52(B), MADE APPLICABLE UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 7052, AND IN THE ALTERNATIVE, (B) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(A), MADE APPLICABLE UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024, TO AMEND THE FINDINGS AND CONCLUSIONS OF THE COURT IN THE COURT'S ORDER ON DEFENDANTS MOTIONS TO DISMISS THE REVISED SECOND AMENDED COMPLAINT**

Alan D. Halperin and Eugene I. Davis, as Co-Trustees of the Appvion Liquidating Trust ("**Plaintiff**"), pursuant to Federal Rule Of Civil Procedure 52(b), made applicable under Federal Rule of Bankruptcy Procedure 7052, and in the alternative, pursuant to Federal Rule Of Civil Procedure 60(a), made applicable under Federal Rule of Bankruptcy Procedure 9024, moves to amend the findings and conclusions of the Court in the Court's Order (Adv. D.I. 113) (the "**Order**") on Defendants motions to dismiss the Complaint.[1] In support of this motion (the "**Motion**"), the Plaintiff states the following:

1.      On October 23, 2019, this Court issued an Opinion (Adv. D.I. 112) (the "**Opinion**") and the Order denying the motions to dismiss the Complaint of certain D&O Defendants, the Stout Parties, and Argent.

2.      The Opinion specifically addressed a number of grounds for dismissal, by Count, and stated the Court's ruling on each ground for dismissal.

3.      The Opinion included a conclusion that restated some, but not all, of its conclusions, and the Opinion made a blanket statement that "[t]he Court will deny, in all other respects, the Defendants' Motions to Dismiss." Opinion, pg. 35.

4.      When read together, there are several inconsistencies between the Court's Opinion and Order. For example, the Order did not explicitly state that this Court was denying the Stout Parties' motion to dismiss for lack of personal jurisdiction, even though the Opinion stated on page 14 that it was doing precisely that. *See* Opinion, pg. 14.

5.      Additionally, the Opinion incorrectly references "breach of fiduciary duty claims are partially time-barred" in Footnote 7 of the Opinion, when Count V (the aiding and abetting

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning as set forth in the Opinion.

breach of fiduciary duty claims against the Stout Parties) are the only claims that Stout sought dismiss on the basis that such claims are time-barred.

6.        Lastly, the Opinion's conclusion states that the "court will deny, in all other respects, the Defendants' Motions to Dismiss" (*see* Opinion, pg. 35), even though this Court specifically declined to rule on certain grounds for dismiss (i.e., preemption, failure to state certain claims and time-barred claims) as noted in Opinion Footnote 7.

7.        Plaintiff believes that it is appropriate for the Court to clarify the Order to reflect the Court's determinations as set forth in the Opinion. Plaintiff believes that those inconsistencies arise from oversight or omission by the Court in drafting the Order rather than for substantive reasons.

## **BASIS FOR RELIEF**

### *I.    The Relief Requested Is Appropriate Under Federal Rule Of Civil Procedure 52(b), made applicable under Federal Rule of Bankruptcy Procedure 7052*

8.        Federal Rule Of Civil Procedure 52(b), made applicable under Federal Rule of Bankruptcy Procedure 7052, states:

> On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(b).

9.        *Collier on Bankruptcy* states that "[t]he purpose of the motion to amend is to clarify essential findings or conclusions, correct errors of law or fact…" *Collier on Bankruptcy*, ¶ 7052.03 (Alan N. Resnick and Henry J. Sommer, eds., 16th ed.) (citations omitted). *Collier* continues, "[a] party may make a motion to amend the findings or for the court to make additional findings within 14 days after entry of the judgment." *Id.* (citations omitted).

10.     Relief under Rule 52 is appropriate since Plaintiff only seeks clarifications of the

Order to reflect the Court's conclusions as set forth in the Opinion. Plaintiff's request does not

implicate any substantive or legal dispute with the Court's Order, seek to relitigate old issues

already decided by the Court in the Opinion and Order, or raise issues that could have been

previously raised. *See In re Busch*, 369 B.R. 614, 621 (B.A.P. 10th Cir. 2007) (purpose of

motion to amend findings of fact is to correct manifest errors of law or fact and is not to relitigate

old issues or rehear the merits of a case) (internal citations omitted).

11.     Specifically, the Plaintiff believes that the Order should be amended and restated

to make clear the following:

a.  The Stout Parties' Motion to Dismiss Count VI of the Complaint for lack of personal jurisdiction is denied.

    i.  <u>Justification for Amendment</u>: The Opinion at pages 12-14 determined that The Stout Parties are subject to personal jurisdiction with respect to all Counts in the Complaint. Yet, the order does deny The Stout Parties' Motion to Dismiss Count VI of the Complaint on this basis.

    ii.  <u>PROPOSED AMENDMENT TO THE ORDER</u>: **ORDERED** that The Motions to Dismiss Count VI for lack of personal jurisdiction are **DENIED**; and it is further

b.  The Stout Parties' Motion to Dismiss Count VI of the Complaint on the basis of that the causes of action in these Count is not preserved under the Debtors' Plan is denied.

    i.  <u>Justification for Amendment</u>: The Opinion at pages 11-12 determined that causes of action in this Count is preserved under the Debtors' Plan. Yet, the order does deny The Stout Parties' Motion to Dismiss Count VI of the Complaint on this basis.

    ii.  <u>PROPOSED AMENDMENT TO THE ORDER</u>: **ORDERED** that The Motions to Dismiss Count VI for lack of preservation under the Debtors' Plan are **DENIED**; and it is further

c.  Argent's Motion to Dismiss Count V of the Complaint on the basis of that the causes of action in these Counts are not preserved under the Debtors' Plan is denied.

       i. <u>Justification for Amendment</u>: The Opinion at pages 11-12 determined that causes of action in this Count is preserved under the Debtors' Plan. Yet, the order does deny Argent's Motion to Dismiss Count V of the Complaint on this basis.

      ii. <u>PROPOSED AMENDMENT TO THE ORDER</u>: **ORDERED** that The Motions to Dismiss Count V for lack of preservation under the Debtors' Plan are **DENIED**; and it is further

d. The D&O Defendants' Motion to Dismiss Counts I-IV, VII, and VIII of the Complaint on the basis that the causes of action in these Counts are preempted is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin ("<u>Wisconsin District Court</u>").

       i. <u>Justification for Amendment</u>: The Opinion does not determine whether Counts I-IV, VII, and VIII of the Complaint should be dismissed on the basis of preemption and that such grounds for dismissal are transferred to the Wisconsin District Court. In fact, the Opinion states that "[b]ecause the Court is transferring these Counts, there is no need to address the Defendants' arguments for dismissal of these Counts of the Complaint." Opinion, at 21. The Court then states in a footnote that "[t]hese arguments include (1) that the Plaintiff's claims are preempted by ERISA; (2) that the Complaint fails to state a claim for aiding and abetting; and (3) that the breach of fiduciary duties claims are partially time-barred." *Id*. In light of these statements and the Opinion's conclusion, the Order should be amended.

      ii. <u>PROPOSED AMENDMENT TO THE ORDER</u>: **ORDERED** that The Motions to Dismiss Counts I-VIII on the basis that the causes of action in these Counts are preempted is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin; and it is further

e. The Stout Parties' Motion to Dismiss Count VI of the Complaint on the basis that the causes of action in this Count are preempted is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin.

       i. <u>Justification for Amendment</u>: As stated in Paragraph (d)(i) above, the Opinion does not determine whether Count VI of the Complaint should be dismissed on the basis of preemption and that such grounds for dismissal are transferred to the Wisconsin District Court. Thus, the Court should amend the Order as set forth below.

      ii. <u>PROPOSED AMENDMENT TO THE ORDER</u>: **ORDERED** that The Motions to Dismiss Counts I-VIII on the basis that the causes of action in these Counts are preempted is not addressed by this Court, and is

reserved for the U.S. District Court for the Eastern District of Wisconsin; and it is further

f.  Argent's Motion to Dismiss Count V of the Complaint on the basis of that the causes of action in this Count are preempted is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin.

   i.  Justification for Amendment: As stated in Paragraph (d)(i) above, the Opinion does not determine whether Count V of the Complaint should be dismissed on the basis of preemption and that such grounds for dismissal are transferred to the Wisconsin District Court. Thus, the Court should amend the Order as set forth below.

   ii.  PROPOSED AMENDMENT TO THE ORDER: **ORDERED** that The Motions to Dismiss Counts I-VIII on the basis that the causes of action in these Counts are preempted is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin; and it is further

g.  The Stout Parties Motion to Dismiss Count VI of the Complaint for failure to state a claim is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin.

   i.  Justification for Amendment: The Opinion does not determine whether Count VI of the Complaint should be dismissed for failure to state a claim is not addressed by this Court and that such grounds for dismissal are transferred to the Wisconsin District Court. Thus, the Court should amend the Order as set forth below.

   ii.  PROPOSED AMENDMENT TO THE ORDER: **ORDERED** that The Motions to Dismiss Counts V and VI on the basis that these Counts are not plead in a manner that states a claim is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin; and it is further

h.  The Stout Parties Motion to Dismiss Count VI of the Complaint on the basis that this Count is partially time barred is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin.

   i.  Justification for Amendment: The Opinion does not determine whether Count VI of the Complaint should be dismissed on the basis that this Count is partially time barred is not addressed by this Court and that such grounds for dismissal are transferred to the Wisconsin District Court. Thus, the Court should amend the Order as set forth below.

   ii.  PROPOSED AMENDMENT TO THE ORDER: **ORDERED** that The Motions to Dismiss Count VI of the Complaint on the basis that this

Count is partially time barred is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin; and it is further

i.  Argent's Motion to Dismiss Count V of the Complaint for failure to state a claim is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin.

i.  <u>Justification for Amendment</u>: The Opinion does not determine whether Count V of the Complaint should be dismissed for failure to state a claim is not addressed by this Court and that such grounds for dismissal are transferred to the Wisconsin District Court. Thus, the Court should amend the Order as set forth below.

ii.  <u>PROPOSED AMENDMENT TO THE ORDER</u>: **ORDERED** that The Motions to Dismiss Counts V and VI on the basis that these Counts are not plead in a manner that states a claim is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin.

## II.   *An Alternative Basis For Relief May Exist Under Federal Rule of Civil Procedure 60(a), Made Applicable Under Federal Rule of Bankruptcy Procedure 9024*

12.   In the event that this Court determines that a motion under Rule 52 is inappropriate in light of the procedural posture of the Opinion and Order (i.e., that decide motions to dismiss),[2] the Court may grant the relief requested herein pursuant to Rule 60(a) of the Federal Rules of Civil Procedure.

13.   Federal Rules of Civil Procedure 60(a), made applicable under Federal Rule of Bankruptcy Procedure 9024, states:

The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

---

[2]   *C.f.*, *In re Charron*, 541 B.R. 822, 825 (Bankr. W.D. Mich. 2015) (Rule 52(b) motions "are generally not appropriate when the matter was decided on summary judgment, because summary judgment does not entail finding facts.")

14. While Bankruptcy Rule 9024 makes states that Rule 60(a) only applies in cases under the Bankruptcy Code, Rule 60(b) applies in the context of an adversary proceeding. *In re Smalis*, 739 Fed. Appx. 142, 143 n.3 (3d Cir. 2018) ("Rule 60(b) applies in adversary proceedings pursuant to Fed. R. Bankr. P. 9024"); *In re USN Communications, Inc.*, 288 B.R. 391, 393 (Bankr. D. Del. 2003) (PJW) ("Federal Rule of Civil Procedure 60(b) … is made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 9024"); *In re CFP Liquidating Estate*, 2010 WL 4595700 (Bankr. D. Del. Nov. 4, 2010) (PJW) (granting motion to open an adversary proceeding and to set aside the default judgment under Fed. R. Civ. P. 55(c) and 60(b), made applicable by Fed. R. Bankr. P. 7055(c) and 9024); *In re Syntax-Brillian Corp.*, 2013 WL 153831, *1 n.4 (Bankr. D. Del. Jan. 15, 2013) (BLS) ("[Rule] 60(b) is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 9024).

15. Similar to the requests for relief under Rule 52 stated above, relief under Rule 60(a) is appropriate since Plaintiff only seeks clarifications of the Order to reflect the Court's conclusions as set forth in the Opinion. Plaintiff's request does not implicate any substantive or legal dispute with the Court's Order, seek to relitigate old issues already decided by the Court in the Opinion and Order, or raise issues that could have been previously raised. Thus, Plaintiff seeks the relief specifically articulated in paragraph 11 above.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Co-Trustees respectfully request the entry of an order: (a) granting relief under Federal Rule Of Civil Procedure 52(b), made applicable under Federal Rule of Bankruptcy Procedure 7052 of the Order, and amending the Order as described herein; (b) granting relief under Federal Rule Of Civil Procedure 60(a), made

applicable under Federal Rule of Bankruptcy Procedure 9024 of the Order, and amending the

Order as described herein; and (c) granting the Plaintiff any further relief as is just and proper.

Dated: November 6, 2019

**GRANT & EISENHOFER P.A.**

*/s/ Vivek Upadhya*
Christine Mackintosh (DE Bar No. 5085)
Vivek Upadhya (DE Bar No. 6241)
123 Justison Street
Wilmington, Delaware 19801
Tel: 302-622-7000
Email: cmackintosh@gelaw.com
          vupadhya@gelaw.com

-and-

Gordon Z. Novod (admitted *pro hac vice*)
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8500
Fax: 646-722-8501
Email: gnovod@gelaw.com

*Special Counsel for Plaintiff, Alan D. Halperin*
*and Eugene I. Davis, as Co-Trustees of the*
*Appvion Liquidating Trust*