UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OLDAPCO, INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12082 (MFW)<br><br>**(Jointly Administered)** |
| ALAN D. HALPERIN AND EUGENE I. DAVIS, AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MARK R. RICHARDS, THOMAS J. FERREE, TAMI L. VAN STRATEN, JEFFREY J. FLETCHER, KERRY S. ARENT, STEPHEN P. CARTER, TERRY M. MURPHY, ANDREW F. REARDON, KATHI P. SEIFERT, MARK A. SUWYN, CARL J. LAURINO, DAVID A. ROBERTS, ARGENT TRUST COMPANY, STOUT RISIUS ROSS, INC., STOUT RISIUS ROSS, LLC, JOHN/JANE DOES 1-40,<br><br>Defendants. | Adv. Proc. No. 18-50955 (MFW)<br><br>**Related Docket Nos. 112, 113** |

ORDER GRANTING
MOTION OF ALAN D. HALPERIN AND EUGENE I. DAVIS,
AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST,
(A) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 52(B),
MADE APPLICABLE UNDER FEDERAL RULE OF
BANKRUPTCY PROCEDURE 7052, AND IN THE ALTERNATIVE,
(B) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(A),
MADE APPLICABLE UNDER FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9024, TO AMEND THE FINDINGS AND CONCLUSIONS
OF THE COURT IN THE COURT'S ORDER ON DEFENDANTS MOTIONS
<u>TO DISMISS THE REVISED SECOND AMENDED COMPLAINT</u>

Plaintiffs Alan D. Halperin and Eugene I. Davis, as Co-Trustees (the "**Co-Trustees**") of the Appvion Liquidating Trust, by and through their undersigned counsel, Motion Pursuant To Federal Rule Of Civil Procedure 52(b), made applicable under Federal Rule of Bankruptcy Procedure 7052 of the Order, and/or Pursuant To Federal Rule Of Civil Procedure 60(a), made applicable under Federal Rule of Bankruptcy Procedure 9024, to amend the Court's Order (Adv. D.I. 113) (the "**Order**") on Defendants motions to dismiss the Revised Second Amended Complaint; and the Court having considered the Motion; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

    **ORDERED, ADJUDGED, AND DECREED** that

1.     The Motion is **GRANTED**.
2.     The Order is amended and superseded as set forth herein.

**AND NOW**, this __ **day** of **November, 2019**, for the reasons stated in the Opinion, Opinion (Adv. D.I. 112) (the "**Opinion**") dated October 23, 2019, it is hereby

**ORDERED** that the Motions to Dismiss Counts I-VIII of the Complaint for lack of subject matter jurisdiction are **DENIED**; and it is further

**ORDERED** that the Motions to transfer venue of Counts I through VIII to the United States District Court for the Eastern District of Wisconsin are **GRANTED**; and it is further

**ORDERED** that the Motions to Dismiss Count X is **GRANTED** as it relates to state law claims, but **DENIED** as it relates to claims under 11 U.S.C. §547(b); and it is further

**ORDERED** that the Motions to Dismiss Counts IX through XVIII in all other respects are **DENIED**; and it is further

**ORDERED** that the Motions to Dismiss Count VI for lack of personal jurisdiction are **DENIED**; and it is further

**ORDERED** that the Motions to Dismiss Count VI for lack of preservation under the Debtors' Plan are **DENIED**; and it is further

**ORDERED** that the Motions to Dismiss Count V for lack of preservation under the Debtors' Plan are **DENIED**; and it is further

**ORDERED** that the Motions to Dismiss Counts I-VIII on the basis that the causes of action in these Counts are preempted is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin; and it is further

**ORDERED** that the Motions to Dismiss Counts V and VI on the basis that these Counts are not plead in a manner that states a claim is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin; and it is further

**ORDERED** that the Motions to Dismiss Count VI of the Complaint on the basis that this Count is partially time barred is not addressed by this Court, and is reserved for the U.S. District Court for the Eastern District of Wisconsin; and it is further

**ORDERED** that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order, except as to Counts transferred to the U.S. District Court for the Eastern District of Wisconsin.

**Dated: November 26th, 2019**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**