**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OLDAPCO, INC., et al., | ) | |
| | ) | Case No. 17-12082 (MFW) |
|       Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| ALAN D. HALPERIN AND EUGENE I. | ) | |
| DAVIS, AS CO-TRUSTEES OF THE | ) | |
| APPVION LIQUIDATING TRUST, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|    v. | ) | |
| | ) | Adv. No. 18-50955 |
| MARK R. RICHARDS, THOMAS J. | ) | |
| FERREE, TAMI L. VAN STRATEN, | ) | |
| JEFFREY J. FLETCHER, KERRY S. | ) | |
| ARENT, STEPHEN P. CARTER, TERRY | ) | |
| M. MURPHY, ANDREW F. REARDON, | ) | |
| KATHI P. SEIFERT, MARK A. SUWYN, | ) | |
| CARL J. LAURINO, DAVID A. | ) | |
| ROBERTS, KEVIN GILLIGAN, ARGENT | ) | |
| TRUST COMPANY, STOUT RISIUS ROSS | ) | |
| INC., STOUT RISIUS ROSS, LLC, | ) | |
| JOHN/JANE DOES 1-40 | ) | |
| | ) | Related Doc. Nos. 124, |
| | ) | 125, 127, 128, 129 |
|       Defendants. | ) | |

**OPINION[1]**

Before the Court are the Motions of Stout Risius Ross, Inc.
and Stout Risius Ross LLC (together "Stout") and Argent Trust

Company ("Argent") (collectively, the "Defendants") to Strike

portions of the Appvion Liquidating Trust's Revised Second

Amended Complaint.  Alan D. Halperin and Eugene I. Davis, Co-

---

[1] The Court is not required to state findings of fact or
conclusions of law on these procedural motions pursuant to Rule
7052 of the Federal Rules of Bankruptcy Procedure.

Trustees of the Appvion Liquidating Trust (the "Plaintiffs") oppose both Motions.  For the reasons set forth below, the Court will deny both Motions to Strike.

I.    BACKGROUND

On October 1, 2017, Appvion, Inc., and its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11.  Under the Debtors' confirmed Combined Plans of Liquidation, the Plaintiffs were given authority to pursue certain of the estates' causes of action.  (D.I. 836 at Art. VIII. B.)

On November 30, 2018, the Plaintiffs commenced this adversary proceeding against certain former directors and officers of the Debtors (the "former D&Os") and the Defendants. In the complaint, the Plaintiffs asserted nine state law tort causes of action against the former D&Os and causes of action against the Defendants for aiding and abetting breaches of fiduciary duty by the former D&Os.

On January 29, 2019, the Defendants filed Motions to Dismiss the complaint (and to transfer venue of Counts I through VIII).[2] In response, the Plaintiffs filed the First Amended Complaint,

---

[2]    Four days before this adversary proceeding was commenced, the ESOP Administrative Committee commenced an action in the United States District Court for the Eastern District of Wisconsin, asserting several similar causes of action to the state law claims in the Plaintiffs' complaint.

which added nine avoidance actions, Counts X through XVIII, against the former D&Os and the Defendants.  After another round of amendments, the Plaintiffs filed the Revised Second Amended Complaint (the "Complaint"), and the parties agreed that the Defendants' Motions to Dismiss were ripe for decision as if they applied to the Complaint.

On October 23, 2019, the Court issued an Opinion and Order transferring venue of Counts I through VIII to the United States District Court for the Eastern District of Wisconsin.  As a result of that decision, the only claims remaining before the Court are Counts IX through XVIII of the Revised Second Amended Complaint.  The only claims remaining against Argent are a preference (Count XII) and a fraudulent conveyance claim (Count XIII), and the only claims remaining against Stout are a preference (Count X) and a fraudulent conveyance claim (Count XI).

Following the Court's Opinion, a dispute arose between the parties over how the Defendants should answer the Complaint.  The Plaintiffs demanded that Argent answer 328 paragraphs and that Stout answer 338 paragraphs.  Argent and Stout countered that they only needed to answer a fraction of the allegations in the Complaint because most of the allegations related to the transferred counts and were, therefore, irrelevant to the counts against them.

Unable to resolve the dispute, the Defendants filed Motions to Strike significant portions of the Complaint and a Joint Opening Brief on December 20, 2019.  On January 3, 2020, the Plaintiffs filed their Memorandum of Law in Opposition and on January 10, 2020, the Defendants filed a Reply Brief.  The Motions have been fully briefed and the matter is now ripe for decision.

II.  <u>JURISDICTION</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and Article XV of the Combined Plan of Liquidation.  This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157(b), as it involves administration of the bankruptcy case.  Furthermore, Counts X through XIII are core proceedings because they assert avoidance actions under chapter 5 of the Bankruptcy Code.  28 U.S.C. § 157(b)(2)(F) & (H).

III. <u>DISCUSSION</u>

The Defendants argue that hundreds of paragraphs in the Revised Second Amended Complaint should be stricken under Rule 12(f) because the paragraphs are immaterial and impertinent to the avoidance actions against them.  The Defendants maintain that those paragraphs are material and relevant only to Counts I through VIII, which were transferred.

4

The Plaintiffs now assert that Argent must answer 274
paragraphs of the Complaint, while Argent argues it must answer
only 45 paragraphs.[3]  The Plaintiffs contend that Stout must
answer 307 paragraphs, whereas Stout maintains it must answer
only 79 paragraphs.[4]

According to the Defendants, the Plaintiffs' arguments
opposing the prior Motions to Dismiss and the Court's Opinion
denying the Motions, indicate that hundreds of the paragraphs of
the Complaint are immaterial and impertinent.  They argue that,
in response to their prior Motions to Dismiss, the Plaintiffs
cited only a few paragraphs of the Complaint as proof that the
avoidance actions were properly pled.  Similarly, they note that
the Court's Opinion cited only a handful of paragraphs in
concluding that the avoidance actions were sufficiently pled.

The Defendants maintain that even if the hundreds of
paragraphs are material and pertinent to the Plaintiffs' claims,
the paragraphs should be stricken for violating Rule 8.  The
Defendants contend that the Complaint is excessively long and

---

[3]   The parties disagree as to whether Argent must answer the
following paragraphs of the Complaint: ¶¶ 2-9; 14-20; 63-68; 71-
72, 82-88; 90-91; 94-97; 112-117; 119-124; 126-139; 167; 181-189;
192-219; 203; 220-235; 237-250; 252-289; 298; 307-308; 310-316;
318-325; 327-345; 359-375.

[4]   The parties disagree as to whether Stout must answer the
following paragraphs of the Complaint: ¶¶ 1-9; 14; 16-20; 58-61;
63-68; 71-72; 82-88; 90-91; 112-117; 119-124; 126-139; 150-156;
167; 237-250; 252-289; 293-295; 298; 307-345; 359-375.

cumbersome, contrary to the requirements of Rule 8.  Further, the Defendants contend that many of the allegations plead evidence, which accelerates discovery to the pleading stages and is discouraged by the Federal Rules.

The Plaintiffs argue that the Defendants have failed to meet their burden under Rule 12(f) by failing to demonstrate that the allegations in dispute are immaterial and impertinent.  By focusing on the evolution of the Complaint, rather than on its substance, the Plaintiffs contend that the Defendants have failed to explain why any specific allegations are immaterial and impertinent.  The Plaintiffs maintain that many of the paragraphs that the Defendants move to strike are material to the preferential and fraudulent transfer claims because the paragraphs contain allegations about transfers between the Debtors and the Defendants, antecedent debts, whether the Debtors received reasonably equivalent value, and the solvency of the Debtors.  Furthermore, the Plaintiffs argue that the Defendants have failed to demonstrate that they will suffer any prejudice by answering the allegations.  Lastly, the Plaintiffs contend that the Defendants' Motions to Strike are procedurally barred by Rule 12(g).

A.    Rule 12(g) Procedural Bar

Rule 12(g) of the Federal Rules of Civil Procedure states

that "[e]xcept as provided in Rule 12(h)(2) or (3),[5] a party that
makes a motion under this rule must not make another motion under
this rule raising a defense or objection that was available to
the party but omitted from its earlier motion."  Fed. R. Civ. P.
12(g)(2).

However, when an amended complaint "contain[s] new
information or different allegations making it subject to a
defense or objection that was not previously apparent . . . a
party may move to dismiss on the basis of the newly discovered
ground even if she filed a Rule 12 motion previously."  5C
Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 1388 (3d ed. 2018).  See, e.g., Roma Concrete Corp.
v. Pension Assocs., No. CV 19-1123, 2019 WL 3683561, at *3 (E.D.
Pa. Aug. 6, 2019) (finding that Rule 12(g) does not bar a second
Rule 12 motion when the plaintiff files an amended complaint
containing new factual averments).

The issue before the Court is whether the arguments raised
by the Defendants in their Motions to Strike were available and
apparent when the Defendants filed their initial Rule 12(b)
Motions to Dismiss.

---

[5]     Rule 12(h)(2) allows a motion to dismiss to be raised even
after a prior Rule 12 motion has been decided, if the second
motion contends the complaint fails to (1) state a claim for
relief, (2) join a person required under Rule 19(b), or (3) state
a legal defense to a claim.  Rule 12(h)(3) allows parties to
raise subject matter jurisdiction at any time.  Fed. R. Civ. P.
12(h)(2), (3).  Neither is applicable here.

In this case, the Defendants' Motions to Dismiss were filed
before the Revised Second Amended Complaint was filed.
Nonetheless, the Revised Second Amended Complaint is nearly
identical to the First Amended Complaint,[6] and, as a result, the
parties agreed that the issues raised by the Motions to Dismiss
could be treated as being applicable to the Revised Second
Amended Complaint.

While the Court's order transferring Counts I through VIII
to the Eastern District of Wisconsin did not require that the
Plaintiffs file a further amended complaint, the Defendants argue
that the transfer resulted in a new basis for a Rule 12 motion by
them: namely, that the Complaint now contains numerous extraneous
allegations that are not relevant to the remaining counts.

The Court agrees with the Defendants.  Until Counts I
through VIII were transferred, the Defendants could not credibly
argue that the Revised Second Amended Complaint contained
allegations that were not relevant to <u>any</u> of the remaining
parties or counts.  Thus, the Court concludes that the Defendants
are not barred by Rule 12(g) from filing their Motions to Strike.

B.   <u>Rule 12(f) Motion to Strike</u>

Rule 12(f) provides that "[t]he court may strike from a

---

[6]   The only differences between the First and Second Amended
Complaints are: (1) the Revised Second Amended Complaint removed
Kevin Gilligan as a defendant and (2) the Revised Second Amended
Complaint provides dates for the transaction described in
paragraphs 98, 469, and 473.

8

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." Karpov v. Karpov, 307 F.R.D. 345, 348 (D. Del. 2015).

Allegations are "immaterial" if they have no essential or important relationship to the claim for relief. Del. Health Care Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1291-92 (D. Del. 1995); Donnelly v. Commonwealth Fin. Sys., Inc., No. 3:07-CV-1881, 2008 WL 762085, at *4 (M.D. Pa. Mar. 20, 2008). "Impertinent" matters "do not pertain, and are not necessary, to the issues in question." Delaware Health Care, 893 F. Supp. at 1291-92; Donnelly, 2008 WL 762085, at *4. Allegations are "scandalous" if they "reflect cruelly upon the plaintiff's moral character" or are "repulsive" or "detract from the dignity of the court." Donnelly, 2008 WL 762085, at *4.

Motions to strike are generally disfavored. See, e.g., Welsh v. Male, No. 05-CV-6838, 2007 WL 906182, at *1 (E.D. Pa. Mar. 22, 2007). See also Dann v. Lincoln Nat'l Corp., 274 F.R.D. 139, 142 (E.D. Pa. 2011) (noting that striking a pleading is a "drastic remedy" that should be used sparingly). Courts possess considerable discretion when resolving a motion to strike under Rule 12(f). FTC v. Hope Now Modifications, No.09-1204, 2011 WL

9

883202, at *1 (D.N.J. Mar. 10, 2011).

In part due to their disfavored status, courts generally grant motions to strike only when the disputed allegations have no possible relation to the controversy and will cause prejudice to one of the parties.  Tonka Corp. v. Rose Art Indus., 836 F. Supp. 200, 218 (D.N.J. 1993).  Thus, even when the motion is technically appropriate, a motion to strike redundant, immaterial, impertinent, or scandalous material should not be granted unless the movant demonstrates that the material will also prejudice it.  Kokinda v. Penn. Dep't of Corrections, No. 16-1303, 2017 WL 11461507, at *1 (W.D. Pa. Nov. 24, 2017); Hope Now, 2011 WL 883202, at *1.  "Prejudice occurs when the challenged pleading confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." Karpov, 307 F.R.D. at 348.

In this case, the Court concludes that the Defendants have failed to meet their burden of showing that: (1) the material they seek to strike is "redundant, immaterial, impertinent, or scandalous" and (2) the necessity of responding to the allegations prejudices the Defendants.  While the Defendants describe the evolution of the Complaint, they neglect to explain why any of the specific allegations are redundant, immaterial, impertinent, or scandalous.  In particular, the Defendants do not establish that any of the allegations in the Complaint are

scandalous.  At most, the Defendants argue they are redundant, impertinent, or immaterial to the claims against the Defendants.

The Court disagrees.  Many of the allegations that the Defendants seek to strike provide pertinent background information about the Debtors, their prepetition capital structure, and the bankruptcy filing.  ¶¶ 63-68; 71-72; 126-139; 359-375.  Similarly, allegations relating to the twice annual fair market value determinations, Stout's services, and market perceptions of the Debtors are relevant to the fraudulent transfer claims, namely whether the Debtors received reasonably equivalent value from the Defendants and whether the Debtors were insolvent.  ¶¶ 112-124; 181-289; 334-345.[7]

Further, it is significant that the Complaint alleges claims against other defendants in addition to those against these Defendants.  When a complaint alleges facts and pleads claims against multiple parties, it makes little sense for a court to strike portions of the complaint that are irrelevant to some defendants but relevant and material to other defendants. Balabanos v. N. A. Inv. Group, Ltd., 708 F. Supp. 1488, 1493-94 (N.D. Ill. 1988) (noting that, otherwise, plaintiffs would have to file separate complaints against each individual defendant).

---

[7]    Other paragraphs provide context to the services provided by the Defendants to the Debtors and the value of those services: ¶¶ 82-88, 298, 318-33 ESOP Structure and Transactions; ¶¶ 171-172 the Defendants' presence at the Debtors' corporate board meetings; and ¶¶ 307-309 Compensation and Benefits.

11

Because the allegations of the Complaint are relevant to the claims of other defendants as well as to these Defendants, the Court concludes that they are not redundant, immaterial, impertinent, or scandalous.

Further, the Defendants have not shown how being required to respond to any of the allegations in the Complaint puts an undue burden on them sufficient to prejudice them.  As a result, the Court will not take the drastic step of striking those allegations from the Complaint.

C.   Rule 8

Although the plain text of Rule 12(f) does not incorporate Rule 8 by reference, many courts have held that Rule 12(f) can be used to reinforce Rule 8's requirements that pleadings be simple, concise, and direct.  See, e.g., Doe v. Brown Univ., 304 F. Supp. 3d 252, 266 (D.R.I. 2018) (noting that Rule 12(f) is designed to reinforce Rule 8's brevity requirements); Carney v. Town of Weare, No. 15-CV-291-LM, 2016 WL 320128, at *3 (D.N.H. Jan. 26, 2016) (same); 5C Wright & Miller, Federal Practice and Procedure at § 1380.  See also Brejcak v. Cty of Bucks, No. 03-4688, 2004 WL 377675, at *3 (E.D. Pa. Jan. 28, 2004) (granting motion to strike pursuant to Rules 8 and 12(f)).

Rule 8 states that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  It also requires that

12

allegations be "simple, concise, and direct." Fed. R. Civ. P.
8(d). The purpose of this rule is to "give the defendant fair
notice of what the . . . claim is and the grounds upon which it
rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
"Threadbare recitals of the elements of a cause of action,
supported by conclusory statements, do not suffice." Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009). However, verbose, excessive,
and overly long complaints violate Rule 8 as well. Kamdem-Ouaffo
v. Task Mgmt., Inc., No. 1:17-CV-7506, 2018 WL 3360762 (D.N.J.
July 9, 2018). See also Brejcak, 2004 WL 377675, at *3.

A complaint that is clearly written, logically organized,
and clearly reveals the nature of the claims asserted typically
does not violate Rule 8, even if it is lengthy. Bhatt v.
Hoffman, 716 Fed. Appx. 124, 127 (3d Cir. 2017). "Thus,
dismissal for violation of Rule 8 'is usually confined to
instances in which the complaint is so verbose, confused and
redundant that its true substance, if any, is well disguised.'"
Bhatt, 716 Fed. Appx. at 127 (quoting Hearns v. San Bernardino
Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008)).

The Defendants argue that courts have dismissed lengthy,
cumbersome complaints for violating Rule 8, even when the
pleading did not have any disguised substance. Brejcak, 2004 WL
377675, at *3 (holding 216-paragraph, 45-page complaint was
excessive under notice pleading); Drysdale v. Woerth, No. 98-

3090, 1998 WL 966020, at *2 (E.D. Pa. Nov. 18, 1998) (holding 93-paragraph complaint violated Rule 8); Untracht v. Fikri, 368 F. Supp. 2d 409 (W.D. Pa. 2005) (holding that 522-paragraph, 96-page and 655-paragraph, 112-page complaints violated Rule 8).

However, in finding Rule 8 violations, those courts observed that the objectionable pleadings are unnecessarily detailed or contained extended sections of novel-like narrative in addition to being lengthy.  See, e.g., Brejcak, 2004 WL 377675, at *3 (finding complaint meticulously recounts unnecessary factual background and is deficient because of its "guileless recitation of all potentially relevant facts"); Drysdale, 1998 WL 966020, at *2 (finding complaint describes events in unnecessary and burdensome detail and reads more like a novel than a legal pleading).  Those courts also observed that the complaints contain allegations that recite evidence, which the Federal Rules discourage.  Brejcak, 2004 WL 377675, at *3; Drysdale, 1998 WL 966020, at *2.

While length is a factor in the cases cited by the Defendants, "there is no precise algorithm that answers at what length a complaint becomes objectionable."  Brejcak, 2004 WL 377675, at *3.

In this case, the Court finds insufficient cause to strike any allegations from the Complaint under Rule 8.  The Complaint is not so verbose, confused, and redundant that its true

14

substance is disguised.  Furthermore, unlike in <u>Drysdale</u>, the
Complaint is not written like a novel.  Nor does it contain
guileless recitations of all potentially relevant facts like in
<u>Brejcak</u>.  The content of the Complaint spans several years.  It
provides factual context to the allegations against the
Defendants, such as describing the services that the Defendants
provided to the Debtors and factors relevant to the value of
those services.  It details transfers made to the Defendants, and
it contains allegations bearing on the solvency of the Debtors
throughout the relevant period.  There is no precise algorithm
for deciding when a complaint is too long under Rule 8, but the
Court finds that the roughly 300+ paragraphs relevant to the
Defendants are not objectionably long, given the temporal scope
and the complexity of the claims.  Accordingly, the Court will
deny the Defendants' Motions to Strike under Rules 8 and 12(f).


IV.  <u>CONCLUSION</u>

        For the foregoing reasons, the Court will deny the
Defendants' Motions to Strike.

        An appropriate Order is attached.


Dated: June 25, 2020            BY THE COURT:

                                Mary F. Walrath
                                United States Bankruptcy Judge